# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Criminal No. 2:15-308-RMG |
| ) | |
| Andre Youngblood, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Defendant asserts that "extraordinary and compelling reasons" exist for a grant of compassionate release and that the COVID-19 virus imposes a significant risk to him due to his existing medical conditions. (Dkt. No. 106). The Government opposes the motion for compassionate release, arguing that the Defendant fails to meet the threshold requirements for compassionate release and remains a threat to the community. (Dkt. No. 110). By order dated December 4, 2020, the Court denied Defendant's motion for compassionate release, finding that he did not meet the threshold considerations for compassionate release. (Dkt. No. 114). The Court did not at that time address the issue of whether Defendant satisfied the requirements under 18 U.S.C. § 3553(a) for compassionate release.

The Court's order was vacated and remanded by the Fourth Circuit Court of Appeals on September 14, 2021 for further consideration. *United States v. Youngblood*, No. 20-2736, 2021 WL 4167105 (4th Cir. 2021). The Court was directed by the Fourth Circuit to consider the application for compassionate release in light of subsequently issued decisions in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2021) and *United States v. High*, 997 F.3d 181 (4th Cir. 2021) and to address all of Defendant's medical conditions and whether those conditions make him

1

particularly susceptible to severe illness or death from COVID-19. *Youngblood*, 2021 WL 4167105, at *2.

Following the remand, the Government updated Defendant's medical record, including information concerning his vaccination status. (Dkt. No. 128). The parties also provided the Court supplemental briefing on the pending motion for compassionate release. (Dkt. Nos. 127, 131).

For reasons set forth below, Defendant's motion for compassionate release is denied.

## Jurisdiction

To invoke the jurisdiction of this Court, a defendant must first submit to his warden a request for compassionate release and 30 days must have passed. 18 U.S.C. § 3582(c)(1)(A). The Government does not contest that Defendant has submitted a request for compassionate release to his warden and that more than 30 days have passed, providing the Court jurisdiction over this matter.

## Legal Standards

Recent statutory changes have provided district courts jurisdiction to reduce the sentences of previously sentenced federal inmates on the basis of compassionate release under certain limited circumstances. Defendant must first meet one of the threshold requirements for compassionate release. These include:

1. The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. § 3582(c)(1)(A)(ii);

2. Where a defendant has raised the risk of COVID-19 as a basis for compassionate release, the defendant has demonstrated a particularized risk of developing severe illness or death due to his medical conditions, *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); or

3. "Extraordinary and compelling reasons" for compassionate release exist,

which include "any extraordinary and compelling reasons for release the defendant might raise" and "truly exceptional cases that fall within no statutory category," 18 U.S.C. §3582(c)(1)(A)(i); *United States v. McCoy*, 981 F.3d 271, 284, 288 (4th Cir. 2020).[1]

A defendant seeking a sentence reduction on the basis of compassionate release carries the burden of establishing his entitlement to relief. If a defendant meets one of the threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

## Factual Background

Defendant asserts that due to his age and medical conditions he should be granted compassionate release. He identifies obesity and asthma as conditions which put him at increased risk due to COVID-19. (Dkt. No. 106 at 6; Dkt. No. 113 at 3). Defendant's BOP medical records also identify a history of seizures and surgery associated with a tendon rupture on his right ring finger. (Dkt. No. 111 at 54, 211).

Defendant's medical records document he is prescribed a daily medication for his asthma and an additional asthma medication "as needed" when symptoms arise. *See* (*id*. at 142-43). Generally, Defendant's asthma symptoms have been described as "well controlled" on his

---

[1] Sentencing Guideline 1B1.13 and the Application Notes associated with this provision, which are applicable to decisions of the Director of the Bureau of Prisons in making grants of compassionate release and do not constrain the discretion of the district court, may provide "helpful guidance" to district courts. *United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). Among the factors to consider under Sentencing Guideline 1B1.13 and its Application Notes include: (A) whether the inmate is suffering from a mental and/or physical conditions which substantially diminish a defendant's capacity for self-care; (B) whether a defendant is suffering from a terminal illness; and (C) whether the defendant is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process.

medications, although he reported some shortness of breath in a February 2021 medical visit. (*Id*. at 268; Dkt. No. 128-2 at 30).   After some medication adjustments, Defendant was documented to be "doing well" and had no exacerbations as of August 2021. (Dkt. No. 128-2 at 7)   The CDC identifies "moderate to severe" asthma as a risk factor for severe illness from COVID-19.  "People with Certain Medical Conditions," Centers for Disease Control and Prevention (last viewed November 8, 2021).   Moderate to severe asthma involves daily symptoms, which Defendant does not appear to have.

Defendant's weight was noted on August 10, 2021 to be 266 pounds, an increase from 233 pounds on February 18, 2020.  (Dkt. No. 111 at 259; Dkt. No. 128-2 at 8).  He is diagnosed as "obese." (Dkt. No. 128-2 at 31).  Obesity is recognized by the CDC as a risk factor for COVID-19.  "Obesity, Race/Ethnicity, and Covid-19," Centers for Disease Control and Prevention (last visited November 8, 2021).

Defendant has a documented history of isolated instances of seizures, with a note in August 2021 stating that he had not had a seizure in "forever . . . so long as he takes his meds." (Dkt. No. 128-2 at. 7).  He is prescribed a daily medication for seizures, and his seizure disorder is described in medical records as "controlled."   (Dkt. No. 111 at 54, 57, 243).  A seizure disorder is not identified by the CDC as a risk factor for severe illness from COVID-19.

A significant portion of Defendant's medical record at the BOP relates to a tendon rupture in his right ring finger.  Defendant's condition was diagnosed and treated with surgery.  There is no known association of this condition with severe illness from COVID-19. (*Id*. at 1-53).

Defendant was diagnosed with COVID-19 based on a test administered on December 14, 2020. (Dkt. No. 128-1 at 86).  Defendant did not require hospitalization or ventilation and it was noted at a December 31, 2021 office visit that he had no symptoms and that his condition had

4

"resolved." (*Id.* at 1). On March 5 and 23, 2021, Defendant received the two-part regime of the Pfizer vaccine, and there have been no further issues documented with COVID-19 in Defendant's medical records. (Dkt. No. 128-2 at 74-75).

Defendant is presently incarcerated at USP Terre Haute, which had a population of 2,476 as of September 17, 2021. Eight inmates tested positive in the last six months and none required hospitalization or ventilation. Further, the facility has experienced no inmate deaths in the last six months. (Dkt. No. 127 at 2).

**Discussion**

A.   <u>Threshold Requirements for Compassionate Release</u>

Defendant's medical records document a generally healthy 46-year-old inmate with stable vital signs. His asthma appears under good control with medications. Defendant has gained weight over the last 18 months and has been diagnosed as obese by BOP physicians. The CDC has identified the risk of complications from COVID-19 for obese persons, including impaired immune function and decreased lung capacity. "Obesity, Race/Ethnicity, and Covid 19," Centers for Disease Control and Prevention. Defendant's medical records have not identified any complications arising from Defendant's present weight. Defendant's other diagnosed conditions, a well-controlled seizure disorder and a tendon rupture of the right ring finger, are not associated with an elevated risk of complications from COVID-19.

Defendant was diagnosed with COVID-19 in December 2020, which resolved rapidly in two weeks without any documented complications. Since then, Defendant has been vaccinated with the two-shot regime of Pfizer. While Defendant has certain conditions that have been associated with an increased risk of COVID-19, Defendant has remained medically stable and experienced only a mild case of COVID-19. He has since been vaccinated against the virus. In

sum, Defendant's medical history does not document conditions which establish extraordinary and compelling reasons for compassionate release.

        B.      § 3553(a) factors

The Court has found that the threshold requirements of compassionate release have not been met. Moreover, even if extraordinary and compelling reasons for compassionate release had been found, the Court would not grant the motion after weighing the following relevant § 3553(a) factors, as set forth below:

1. Nature and Circumstances of the Offenses and Seriousness of Offenses: Defendant pled guilty to Failure to Register as a Sex Offender and was further found at sentencing to have sexually assaulted a 14-year-old child during the period in which he had failed to register as a sex offender due to an earlier conviction for a child sexual assault. The Court upwardly varied and imposed a sentence of 120 months, the statutory maximum for the offense. (Dkt. Nos. 88 at 4-5, 7; 98 at 10-12, 22-23).

2. History and Characteristics of Defendant: Defendant's criminal history includes prior convictions for sexual assault of a minor, assault of an inmate, and robbery. (Dkt. No. 88 at 6-7). The Court found at sentencing that Defendant's 2015 sexual assault on the 14-year-old child while he was unregistered in South Carolina was "eerily similar" to his 2002 sexual assault on a 7-year-old child that resulted in his conviction and legal obligation to register as a sex offender. (Dkt. No. 98 at 23). In both instances, Defendant assaulted the child victim while staying as a guest at the home of the victim's parents. (Dkt. No. 88 at 4-5, 7).

3. Provide Just Punishment and Promote Respect for the Law: Defendant's 120-month sentence, the statutory maximum, was just and promoted respect for the law. He willfully failed to register as a sex offender and committed a sexual assault on a child while unregistered.

4. Protect the Public from Further Crimes of the Defendant and to Deter Future Criminal Conduct: The Court found a maximum statutory sentence was necessary under these circumstances to protect the public from the Defendant and to deter future criminal conduct.

Based on the foregoing and weighing all the § 3553(a) factors, the Court finds that even if the threshold requirements of compassionate release were met (which the Court found they were not), the Court would not grant Defendant's motion for compassionate release based on the present record before the Court.

## Conclusion

Based on the foregoing, Defendant's motion for compassionate release (Dkt. No. 106) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 10, 2021
Charleston, South Carolina